## 51444. EDWARDS v. GOLD KIST, INC.

EVANS, Judge.

Gold Kist, Inc. and T. M. Edwards, d/b/a T. M. Edwards & Co., a broker without storage facilities, entered into a contract under which Edwards purchased 100 tons of soybean meal at $325 per ton from Gold Kist for delivery in August, 1973. The trading rules of the National Soybean Processors Association were incorporated in and made a part of the transaction.

Edwards purchased the soybean meal on speculation and did not supply shipping instructions by August 31, 1973. The parties then agreed to a $5-per-ton carrying charge on the August meal, and the contract was extended under Rule 8, Section 1, of the trading rules through September 30, 1973. Edwards contends the consideration for extending was not valid.

No further communications occurred, until around October 15, 1973 when there was a discussion between the parties as to what to do with the soybean meal. Edwards informed Gold Kist that he would not provide shipping instructions or take the meal. Thereafter Edwards also informed Gold Kist that the contract was null and void under Rule 8, Section 1, of the trading rules.

Gold Kist sued Edwards, who answered, and admitted the contract, but denied any indebtedness. He contended the plaintiff failed to comply with Rule 8, Section 1, that the contract is null and void; and that plaintiff was attempting to circumvent Rule 8, Section 1, in this case.

After discovery, both plaintiff and defendant moved for summary judgment. A hearing was held, and the lower court denied defendant's motion and granted summary judgment in favor of plaintiff. Defendant appeals. *Held:*

1. Section 1 of Rule 8 as to Defaults is as follows: "In the event that Buyer fails to furnish specifications and shipping instructions within the period or periods specified in contract, the Seller shall have the following discretionary rights, subject, however, to Seller notifying Buyer by wire within three working days following contract period expiration which right Seller elects to exercise under the contract:

"(a) To resell Soybean Meal in the open market for Buyer's account, Buyer to pay Seller the difference between contract price and resale price; or

"(b) To retain Soybean Meal, Buyer to pay Seller difference between contract price and market price in the event of market price being lower; or

"(c) To cancel the contract on any unshipped portion thereof. Seller's failure to give notice as provided in this section shall constitute extension of that portion of contract in default for thirty (30) days. Unless further extended by mutual agreement, the contract is null and void. In the case of a multiple period contract, those periods not in default also remain in effect."

2. The issue here is controlled by the effect of the following rule upon the uncontested facts. Notwithstanding the admission of the agreement as to the $5-per-ton carrying charge to extend the contract for 30 days, defendant now contends the 30-day default was automatic and the consideration therefor was void. Hence, it is defendant's position that at the end of the 30-day period after default, plaintiff had three days to make an election, and having failed to make such election and give notice at the end of the second 30 days of default, without mutual agreement to extend it further, "the contract is null and void."

3. But, could the parties change the contract by departing from its terms and extend the time by payment of $5-per-ton carrying charge an additional 30 days? Plaintiff had a right to make an election under Rule 8, Section 1, but instead, it negotiated further with defendant.

The contract as modified by change and consideration was a novation under Code § 20-115. See *Hume v. Davison-Paxon Co.,* 57 Ga. App. 289 (195 SE 318);

*Wolfe v. Breman,* 69 Ga. App. 813 (26 SE2d 633). Defendant's admissions in his answer and deposition established that this novation occurred. (R. 17, 18).

Thus during September, there was no period of default, but an additional 30-day contract at $330 per ton to carry to September, with a default period thereafter of 30 days under Rule 8, Section 1.

4. No instructions as to shipment were given in September, and Gold Kist did not exercise any option under Rule 8, Section 1, in October within 3 working days following the contract period. The contract was thereby extended in default for 30 days in October. But on or about October 15 to October 19, 1973, defendant refused to take delivery, or to give any shipping instructions, and advised plaintiff that it considered the contract null and void under Rule 8, Section 1.

5. At this point, since defendant had breached the contract, plaintiff could elect to sue on the contract, and charge defendant the difference between market price of $150 per ton and $330 per ton, which it proceeded to do. There is no dispute that $330 per ton was the market price at that time.

6. The lower court did not err in granting summary judgment in favor of plaintiff and awarding it $18,000.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED OCTOBER 30, 1975 — DECIDED NOVEMBER 24, 1975 — REHEARING DENIED DECEMBER 11, 1975.

*Gerstein, Carter & Chestnut, Michael J. King,* for appellant.

*Alston, Miller & Gaines, James S. Stokes, IV,* for appellee.